In the Matter of the TRANSIT COMMISSION, Respondent, and CITY OF NEW YORK, Intervener, Respondent, against LONG ISLAND RAIL ROAD COMPANY et al., Appellants.

Argued January 19, 1943; decided October 14, 1943.

*Martin Conboy, Jacob Aronson* and *Jesse C. Millard* for appellants. The 1920 order (1) was mandatory; (2) fixed minimum fares to be charged; (3) was based upon findings which are still effective; (4) continued in force until modified; and (5) was subject to modification, was modified and, as modified, was outstanding on January 21, 1942, when it was again modified by the order in *Ex Parte* 148. (U. S. Code, tit. 49, § 13, subd. [4]; *New York* v. *United States,* 257 U. S. 591; U. S. Code, tit. 49, § 15, subd. [2], § 16, subd. [6]; *Transit Comm.* v. *Long Island R. R. Co.,* 272 N. Y. 27; *Transit Comm.* v. *Long Island R. R. Co.,* 250 App. Div. 448, 274 N. Y. 582.) When appellants availed themselves of the 1942 order to increase interstate fares, they were compelled to make corresponding increases in New York intrastate fares. (U. S. Code, tit. 49, § 16, subd. [6].) The 1942 order in *Ex Parte* 148 represents a legitimate exercise by the Interstate Commerce Commission of its power to modify outstanding orders, and was intended by the Commission to modify its 1920 order so as to prescribe increased intrastate fares in the State of New York. (*Arizona Grocery Co.* v. *A. T. & S. F. Ry. Co.,* 284 U. S. 370; *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210; *Algoma Coal & Coke Co.* v. *United States,* 11 F. Supp. 487; *Illinois Commerce Comm.* v. *Thomson,* 63 S. Ct. 41.) The recitals in the preamble or opening paragraph of the order

in *Ex Parte* 148 create no ambiguity calling for construction of the order in favor of the Transit Commission and against the appellant railroads.

*Daniel W. Knowlton* and *J. Stanley Payne* for Interstate Commerce Commission, *amicus curiæ*. The order of January 21, 1942, in *Ex Parte* 148, in connection with an outstanding and effective section thirteen order, required an increase of ten per cent in the intrastate standard fares in New York. (*United States* v. *Louisiana,* 290 U. S. 70; Rates, Fares and Charges of N. Y. C. R. R. Co., 59 I. C. C. 290; *New York* v. *United States,* 257 U. S. 591; *Railroad Comm. of Wisconsin* v. *C., B. & Q. R. R. Co.,* 257 U. S. 563; Wisconsin Passenger Fares, 59 I. C. C. 391; *Illinois Commerce Comm.* v. *Thomson,* 318 U. S. 675; *Louisiana Pub. Serv. Comm.* v. *Texas & N. O. R. R. Co.,* 284 U. S. 125; *United States* v. *Louisiana,* 290 U. S. 70; Intrastate Rates within Illinois, 59 I. C. C. 350; Passenger Fares of Hudson & Manhattan R. R. Co., 227 I. C. C. 741.)

*George H. Stover, Philip Hodes* and *Harry Scheiner* for Transit Commission, respondent. The claim that the intrastate rates in question have been increased by the Interstate Commerce Commission is unsubstantiated. (*Railroad Comm. of Wisconsin* v. *C., B. & Q. R. R. Co.,* 257 U. S. 563; *New York* v. *United States,* 257 U. S. 591; *Transit Comm.* v. *Long Island R. R. Co.,* 248 App. Div. 749, 272 N. Y. 27; *American Express Co.* v. *South Dakota,* 244 U. S. 617; U. S. Code, tit. 49, § 13, subds. [3], [4]; *Illinois Cent. R. R. Co.* v. *Public Utilities Comm.,* 245 U. S. 493; *Arkansas Railroad Comm.* v. *Chicago, R. I. & Pac. R. R. Co.,* 274 U. S. 597.) The Court of Appeals has jurisdiction of this proceeding and full power to decide all questions arising in it, including the question raised as a defense. (*Oklahoma* v. *Ray,* 7 F. Supp. 417; *Louisville & Nashville R. R. Co.* v. *Mottley,* 211 U. S. 149; *Lambert Run Coal Co.* v. *Baltimore & Ohio R. R. Co.,* 258 U. S. 377; *Venner* v. *Michigan Cent. R. R. Co.,* 271 U. S. 127; *Southern Pac. Co.* v. *City of Willow Glen,* 49 F. 2d 1005; *Village of Mantorville* v. *Chicago, Great Western R. R. Co.,* 8 F. Supp. 791; *People* v. *Long Island R. R. Co.,* 113 Misc. 700, 195 App. Div. 897.) The order in *Ex Parte* 148 is

impossible of being construed to require increases in New York State rates. (*Railroad Comm. of Wisconsin* v. *C., B. & Q. R. R. Co.*, 257 U. S. 563; *Brimstone R. R. & Canal Co.* v. *United States*, 276 U. S. 104; *Texas* v. *Eastern Texas R. R. Co.*, 258 U. S. 204; *Louisville & Nashville R. R. Co.* v. *Sloss-Sheffield Co.*, 269 U. S. 217; *Arkansas R. R. Comm.* v. *Chicago, R. I. & P. R. R. Co.*, 274 U. S. 597; *Georgia Pub. Serv. Comm.* v. *United States*, 283 U. S. 765.)

*William C. Chanler, Corporation Counsel*, and *Ignatius M. Wilkinson, successor Corporation Counsel* (*Herman Horowitz* and *Murray Sendler* of counsel), for City of New York, intervener, respondent. The courts below correctly construed the Interstate Commerce Commission's passenger fare order of January 21, 1942, in *Ex Parte* 148, as inoperative upon intrastate fares, and correctly rejected a construction of it in derogation of the authority of the State of New York. (*Florida* v. *United States*, 282 U. S. 194; *United States* v. *Louisiana*, 290 U. S. 70; *Columbia Broadcasting System, Inc.* v. *United States*, 316 U. S. 407; *United States* v. *Los Angeles & S. L. R. R. Co.*, 273 U. S. 299; *Transit Comm.* v. *Long Island R. R. Co.*, 248 App. Div. 749, 272 N. Y. 27; *Matter of Public Nat. Bank of New York*, 278 U. S. 101.) Appellants' construction of the passenger fare order of January 21, 1942, as one directly requiring change of intrastate fares, imputes unconstitutional and void action to the Interstate Commerce Commission, and is therefore to be rejected. (*Federal Power Comm.* v. *Natural Gas Pipeline Co.*, 315 U. S. 575; *Railroad Comm. of Wisconsin* v. *C., B. & Q. R. R. Co.*, 257 U. S. 563; *Arkansas Railroad Comm.* v. *Chicago, R. I. & Pac. R. R. Co.*, 274 U. S. 597; *Georgia Pub. Serv. Comm.* v. *United States*, 283 U. S. 765; *Board of Railroad Commrs.* v. *Great Northern Ry. Co.*, 281 U. S. 412; *Atchison, T. & S. F. Ry. Co.* v. *United States*, 284 U. S. 248; Minnesota Rate Cases, 230 U. S. 352; *Houston, E. & W. T. Ry. Co.* v. *United States*, 234 U. S. 342.) The order of January 21, 1942, is obscure and inapplicable to intrastate fares. (*Illinois Commerce Comm.* v. *Thomson*, 318 U. S. 675.) Resulting from *Ex parte* 148, a proceeding which the Interstate Commerce Commission " limited because of our

jurisdiction " to interstate commerce, the order of January 21, 1942, could not have required a change of intrastate fares. The 1920 order was not supported by findings of discrimination between persons or places. (*New York* v. *United States,* 257 U. S. 591.)

*Per Curiam.* This case presents questions as to the construction of an order of the Interstate Commerce Commission entered January 21, 1942, in a proceeding entitled *Ex Parte 148.*

In 1920, the Commission authorized a general increase of twenty percent in passenger fares with the result that the standard interstate fare became three and six-tenths cents a mile. A number of carriers thereupon brought proceedings before the Commission under section 13, subdivision (4), of the Interstate Commerce Act (U. S. Code, tit. 49, ch. 1) for orders requiring a twenty percent increase in intrastate rates and such increase was ordered and sustained. (See *Railroad Commission of Wisconsin* v. *C. B. & Q. R. R. Co.,* 257 U. S. 563, and *New York* v. *United States,* 257 U. S. 591.)

In 1936, the Commission reduced standard pullman fares to three cents a mile and coach fares to two cents a mile. This 1936 order of the Commission modified provisions of outstanding section 13 orders to the extent necessary to permit the reduced fares to become effective.

The order made in *Ex Parte 148,* on January 21, 1942, authorized a general ten percent increase in passenger fares. It provides that " all outstanding orders, as amended, of the Commission, authorizing or prescribing interstate and intrastate fares * * * are hereby, modified, effective concurrently with the establishment of the increased fares herein approved, only to the extent necessary to permit the increase herein authorized to be added to the interstate and intrastate fares approved or prescribed in * * * said outstanding orders. "

The scope and meaning of these provisions of the 1942 order are obscure (*Illinois Commerce Comm.* v. *Thomson,* 318 U. S. 675). In view of this difficulty, the Commission at our request has favored us with a statement of its views upon the issue here presented, viz.: Is the 1942 increase mandatory in respect of New York intrastate fares that are covered by prior outstanding

section 13 orders? Through its brief *amicus curiae* the Commission says: " It is hardly open to dispute that an increase of 10% in the interstate fares without a corresponding increase intrastate in New York would disrupt the parity which had existed since 1920 and engender discrimination of the precise nature which the 1920 order forbids. So far as interstate fares were concerned, the *Ex Parte 148* order was not mandatory. The carriers themselves had applied for authority to increase their fares, and it was not necessary for the Commission to order them to do so. But if they availed themselves of the authority granted by the order to increase their interstate fares, they were bound, in order to avoid the discrimination against interstate commerce forbidden in the outstanding section 13 orders, to make a like increase in their intrastate fares. It follows that when the carriers increased their interstate fares 10%, effective February 10, 1942, under the *Ex Parte 148* authorization, they were required to make a like increase in their New York intrastate fares. "

In the face of this expression by the Commission, we see no room for doubting that its 1942 order was intended to be an exercise of its constitutional power to prescribe intrastate rates.

The orders should be reversed and the petition dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.